IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Respondent/Plaintiff, | ) | |
| v. | ) | Case No: 12-CV-0286-JHP |
| JACK JAMES, | ) | |
| Petitioner/Defendant. | ) | |

## ORDER AND OPINION

Before the Court is Petitioner Jack James' ("James" or "Petitioner") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody brought pursuant to 28 U.S.C. § 2255, (Civ. Doc. No. 1). For the reasons cited herein, Petitioner's motion is **DENIED.**

## BACKGROUND

On November 14, 2008, a federal grand jury returned a two-count indictment charging James with two counts of Felon in Possession of Firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). (Crim. Doc. No. 3). The Court subsequently appointed Roger Hilfiger to represent James. (Crim. Doc. No. 11). The case was tried before a jury on August 31, 2009 – September 2, 2009, and the jury rendered a verdict of acquittal on Count One and guilt on Count Two—Felon in Possession of Firearm. (Crim. Doc. No. 90). On June 15, 2010, this Court sentenced James to 165 months of incarceration. (Crim. Doc. No. 123).

On June 22, 2010, James, assisted by counsel, appealed the case to the Tenth Circuit Court of Appeals, Case Number 10-7049. (Crim. Doc. No. 122). On appeal, James contended that this Court erred in denying his Motion to Dismiss under the Speedy Trial Act, 18 U.S.C. §§

3161-74. On April 4, 2011, the Tenth Circuit affirmed this Court's denial of the Motion to Dismiss. *United States v. James*, 418 Fed. Appx. 751 (10th Cir. 2011).

On June 27, 2012, James filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his conviction. (Civ. Doc. No. 1). In his motion, James asserts three grounds for relief: (1) ineffective assistance of counsel during trial and on direct appeal, (2) the violation of James' Fifth Amendment Due Process rights by Assistant United States Attorney Christopher Wilson, and (3) violation of James' Fifth Amendment rights by this Court. (*Id.*) The Government filed its Response in Opposition to James' § 2255 motion on July 12, 2012. (Civ. Doc. No. 3).

On August 1, 2013, James filed a Motion to Amend his § 2255 Motion in light of the United States Supreme Court's recent ruling in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (Civ. Doc. No. 4). On August 5, 2013, the Court granted James' Motion to Amend and directed the government to respond to the newly raised issues. (Civ. Doc. No. 5). James filed a second Motion to Amend on August 14, 2013, seeking retroactive application of *Descamps v. United States*, 133 S. Ct. 2276 (2013). (Civ. Doc. No. 6). The Court permitted the amendment and directed the government to respond to the newly raised issues. (Civ. Doc. No. 7). James' § 2255 motion is now fully briefed and before the Court.

## DISCUSSION

Section 2255 is not a substitute for an appeal and is not available to test the legality of matters which should have been challenged on appeal. *U.S.A. v. Mohammad Rizwan Ali Khan,* 835 F.2d 749, 753 (10th Cir. 1987), *cert. denied,* 487 U.S. 1222 (1988). As a result, "failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review." *United States v. Cervini,* 379 F.3d 987, 990 (10th Cir. 2004) (quoting *United States v. Barajas-*

*Diaz,* 313 F.3d 1242, 1245 (10th Cir. 2002). Failure to raise an issue on direct appeal bars the movant/defendant from raising such an issue in a § 2255 Motion to Vacate Sentence unless he can show "both good cause for failing to raise the issue earlier, and that the court's failure to consider the claim would result in actual prejudice to his defense,...." *Id.* Since a writ of habeas corpus is an equitable remedy, a court may consider the merits of the procedurally barred claim, if the defendant alternatively demonstrates "that 'failure to consider the federal claims will result in a fundamental miscarriage of justice.'" *Id.*

In *United States v. Galloway,* 56 F.3d 1239, 1242 (10th Cir. 1995), the Tenth Circuit held claims of constitutionally ineffective counsel should be brought on collateral review. Consequently, no procedural bar will apply to ineffective assistance claims which could have been brought on direct appeal but are raised in post-conviction proceedings. A habeas petitioner may raise substantive claims which were not presented on direct appeal, however, if he can establish cause for his procedural default by showing he received ineffective assistance of counsel on appeal.

A court considering a claim of ineffective assistance of appellate counsel for failure to raise an issue is required to look to the merits of the omitted issue. Where the omitted issues are meritless, counsel's failure to raise it on appeal does not constitute constitutionally ineffective assistance of counsel. *Hooks v. Ward,* 184 F.2d 1206, 1221 (10th Cir. 1999). *See also, Smith v. Robbins,* 528 U.S. 259, 288 (2000). Furthermore, issues previously raised and disposed of on direct appeal generally will not be considered in a § 2255 motion absent an intervening change of law in the circuit. *United States v. Prichard,* 875 F.2d 789 (10th Cir. 1989) (citing *United States v. Nolan,* 571 F.2d 528 (10th Cir. 1978)).

## A. Ground One: Ineffective Assistance of Counsel

In evaluating claims of ineffective assistance of counsel, this Court is guided by the familiar holding of *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984), which sets out the two elements necessary to demonstrate that an attorney's performance constituted an ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defendant. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or [] sentence resulted from a breakdown in the adversarial process that renders the result unreliable.

Evaluation of an ineffective assistance claim is a fact-intensive inquiry, requiring a court to determine "whether counsel's assistance was reasonable considering *all the circumstances*." *Id.* at 688 (emphasis added). As the Supreme Court explained in *Strickland*, "representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another." *Id.* at 693. As such, great deference is granted to defense counsel's reasoned choice of action:

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance: that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* at 689 (internal citations omitted). *See also Boyd v. Ward*, 179 F.3d 904, 915 (10th Cir. 1999)("[T]hose accused of crimes, even capital crimes, are entitled only to a reasonable and adequate defense, not the defense which, in hindsight, they believe would have been best.").

Petitioner also bears the heavy burden of proving that the claimed errors actually had an adverse effect on his defense. Given "the presumption that a criminal judgment is final is at its strongest in collateral attacks on the judgment," Petitioner must show more than "that the errors had some conceivable effect on the outcome of the proceedings [as] [v]irtually every act or omission would meet that test." *Strickland*, 466 U.S. at 693, 697. Rather, Petitioner is required to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In his § 2255 motion, James argues that Mr. Hilfiger rendered ineffective assistance of counsel because (1) Mr. Hilfiger failed to challenge the Indictment's inclusion of or reference to 18 U.S.C. § 924(a)(2); (2) Mr. Hilfiger failed to object to the verdict form's inclusion of or reference to 18 U.S.C. § 924(a)(2); (3) Mr. Hilfiger failed to object to the verdict form's omission of an element of the crime; (4) Mr. Hilfiger failed to challenge the Judgment in the criminal case, which states that James was convicted of a violation of 18 U.S.C. § 924(a)(2); and (5) Mr. Hilfiger failed to obtain and review a copy of the trial transcripts for purposes of appeal.

James argues that Mr. Hilfiger erred by failing to object to the Indictment, the verdict form, and the Judgment because these documents improperly referenced 18 U.S.C. § 924(a)(2), which James characterizes as an ammunition offense. The government asserts that James is simply confused, arguing:

> JAMES bases a number of his alleged errors on a misguided argument involving 18 U.S.C. § 924(a)(2). Sub-issues 1, 2 and 4 to Ground One, as well as, Grounds Two and Three all focus on JAMES' erroneous claim that he was improperly charged with and/or convicted of "an ammunition offense." Count Two of the indictment at issue charged JAMES with being a felon in possession of two firearms, a violation of 18 U.S.C. § 922(g)(1). The indictment also referenced Sections 924(a)(2) and 924(e). Section 924(a)(2) provides as follows:
>
>> Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both.
>
> *Id*. Section 924(a)(2) is nothing more than a punishment provision for various offenses including the crime of which JAMES was convicted. JAMES' claims that the indictment improperly contained an ammunition offense or that he was convicted of an ammunition offense are without merit.

(Civ. Doc. No. 3, 7). The Court agrees, and finds that Mr. Hilfiger did not err by failing to raise this issue at trial or on direct appeal.

The Court also finds no error in Mr. Hilfiger's decision not to object to the verdict form's omission of certain information. James contends that the verdict form was flawed because it did not contain the date of the offense and did not include certain elements of the offense—"knowingly" and "interstate commerce." When examining the sufficiency of a verdict form, courts must determine whether the verdict form along with the instructions read to the jury taken as a whole adequately states the governing law. *United States v. Cardinas Garcia*, 596 F.3d 788, 799 (10th Cir. 2010) (citing *United States v. Stiger,* 413 F.3d 1185, 1190 (10th Cir. 2005)). Here, the jury instructions properly indicated the date of the offense, (Crim. Doc. No. 89, 4-6, 20), and listed the necessary elements of Felon in Possession of Firearms, which included knowingly and interstate commerce, (*Id.* at 12, 15, 17). These jury instructions, taken with the verdict form as a whole, adequately advised the jury regarding the applicable law. *See United States v. Overholt*, 307 F.3d 1231, 1248 (10th Cir. 2002) (finding verdict form proper where the

"instructions to the jury contained the language [defendant] argues should have been in the verdict form."). Accordingly, finds that Mr. Hilfiger did not err by failing to raise this issue at trial or on direct appeal.

Finally, James also asserts that Mr. Hilfiger rendered ineffective assistance of appellate counsel because he did not order trial transcripts. Significantly, James does not allege that ordering of trial transcripts would have resulted in a meritorious issue being raised on direct appeal. The Court finds Mr. Hilfiger's decision not to order trial transcripts reasonable in light of the fact that Mr. Hilfiger also acted as trial counsel in this case. As such, Mr. Hilfiger was well-aware of any potential errors committed by this Court at trial. Further, the government obtained an affidavit from Mr. Hilfiger, wherein Mr. Hilfiger stated:

> I made a conscious, strategic decision to argue only a single issue on appeal – whether the district court should have dismissed the charges against Mr. James for violation of the Speedy Trial Act. In my opinion, this was the strongest claim and raising other weak issues would only detract the appellate court's focus from the speedy trial issue. I ordered copies of the transcripts of the pre-trial conference and the hearing on the Government's motion to continue the jury trial and designated them as part of the appellate record. The trial transcript was not necessary for the appellate court's resolution of the speedy trial issue. … During the course of waiting for the jury trial, [James and I] had discussions concerning the Speedy Trial Act, and Mr. James expressed that he wanted to raise that issue. … The trial itself lasted only two days and was fairly straightforward. The only potentially appealable evidentiary issues involved evidence relating to Count One, on which the jury acquitted Mr. James. Therefore, it was unlikely that the trial transcripts would reveal meritorious issues for appeal.

(Civ. Doc. No. 3, Ex. 1).

Counsel's decision to assert only the speedy trial issue on appeal is entitled to deference. *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003)("deferential consideration must be given to any professional judgment involved in [] omission" of an issue that has merit but is not compelling); *see also Welch v. Workman*, 639 F.3d 980, 1012-13 (10th Cir. 2011)(counsel need

7

not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.")(parentheses in original). In fact, by focusing on the strongest issue, counsel likely served his client better than had he raised every viable issue:

> The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy. Every weak issue in an appellate brief or argument detracts from the attention a judge can devote to the stronger issues, and reduces appellate counsel's credibility before the court. For these reasons, a lawyer who throws in every arguable point - "just in case" - is likely to serve [his] client less effectively than one who concentrates solely on the strong arguments.

*LaFevers v. Gibson*, 182 F.3d 705, 722 (10th Cir. 1999)(quoting *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989). The Court finds that James cannot establish that Mr. Hilfiger rendered ineffective assistance while serving as James' appellate counsel.

Accordingly, the Court finds that James' first ground for relief does not entitle him to relief pursuant to 28 U.S.C. § 2255.

**B. Grounds Two and Three**

James' second and third grounds for relief are also based on his erroneous contention that he was improperly charged with and convicted of a violation of 18 U.S.C. § 924(a)(2), which he describes as "an ammunition offence." As explained above, § 924(a)(2) is a punishment statute and not a separate substantive ammunition offense. Therefore, the Assistant United States Attorney's failure to present evidence regarding possession of ammunition to the grand jury was not a violation of James' Fifth Amendment rights. For the same reasons, this Court did not violate James' Fifth Amendment rights by imposing a sentence on Count Two or failing to instruct the jury on the elements of 18 U.S.C. § 942(a)(2). Accordingly, the Court finds that

James' second and third grounds for relief do not entitled him to relief pursuant to 28 U.S.C. § 2255.

## C. *Alleyne v. United States*

As his fourth ground for relief, James seeks a reduction in his sentence in light of the Supreme Court's recent decision in *Alleyne v. United States,* 133 S.Ct. 2151, 2013 WL 2922116 (June 17, 2013), which expressly overruled the decision in *Harris v. United States*, 536 U.S. 545 (2002), and held that because "brandishing" increases the mandatory minimum under § 924(c)(1)(A), it is "an 'element' that must be submitted to the jury" and not found by the judge. *Alleyne* enunciates a rule of constitutional law and "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final." *Griffith v. Kentucky,* 479 U.S. 314, 328 (1987). Generally, however, new constitutional rules are not applied to criminal cases on collateral review. *Teague v. Lane,* 489 U.S. 288, 303 (1989). This general rule is subject to two limited exceptions. New rules of criminal procedure are applied to cases on collateral review if (1) it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" *id.* at 311, or (2) it "would be so central to an accurate determination of innocence or guilt," *id.* at 313. The constitutional rule announced in *Alleyne* simply does not fit within either of these limited exceptions. Consequently, because the Court finds that *Alleyne* does not fall within either of the exceptions to the non-retroactivity rule, the Court declines to apply *Alleyne* in this section 2255 proceeding.

**D.** *Descamps v. United States*

As his fifth and final ground for relief, James seeks relief in light of the Supreme Court's recent decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). James contends that the Court improperly categorized a prior conviction for Second Degree Burglary in violation of Okla. Stat. tit. 21, § 1435 as a violent felony for purposes of the sentencing enhancements set out in the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e) (calling for an enhanced sentence for those violating § 922(g) and having three previous convictions for a "violent felony" or a "serious drug offense"); *see also* USSG § 4B1.4.

In *Descamps,* the Supreme Court re-affirmed its earlier decisions in *Taylor* and *Shepard,* holding the modified categorical approach is only appropriate for divisible statutes that set forth several offenses with discrete elements. It also confirmed the modified categorical approach is not a license to review the facts of a particular case in a hunt to identify violent conduct. *See id.* at 2293. The defendant in that case was charged under a California statute which criminalized various forms of theft, including simple shoplifting. *Id.* at 2282. Descamps admitted to committing a violent offense which might, by itself, qualify as "generic" burglary under § 924(e). *Id.* However, the statute Descamps was charged under was not divisible, and its very broadly defined elements did not correspond to "generic" burglary. As a result, the Supreme Court held that Descamps' conviction did not count toward his status as an armed career criminal. *Id.* at 2285–87.

After careful review of the circumstances of this case, the Court finds the *Descamps* decision inapplicable to the instant case. Okla. Stat. tit. 21, § 1435 defines burglary in the following manner:

> Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.

Thus, the Oklahoma Statute fits squarely within the definition of a divisible statute, for which the Supreme Court has approved the use of the modified categorical approach utilized in determining the appropriate sentence in this case. Accordingly, the *Descamps* decision has no impact on James' sentence because his conviction is still a violent felony for purposes of the ACCA.

## CONCLUSION

For the reasons cited herein, Petitioner Jack James' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody brought pursuant to 28 U.S.C. § 2255 (Civ. Doc. No. 1) is **DENIED.**

**ORDERED** this 2nd day of October, 2013.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma