**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JACK JAMES, | ) | |
| | ) | |
| Defendant/Movant, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-286-JHP |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent. | ) | |

## OPINION AND ORDER

On August 6, 2015, Defendant Jack James filed a *pro se* "Actual and Constructive Legal Petition" (Doc. No. 27). Defendant petitions the Court "for assistance," based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Defendant notes that in *Johnson*, the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague. James also appears to seek appointment of counsel.

The United States opposes Defendant's Petition. The United States argues none of Defendant's predicate offenses derive from the ACCA's residual clause. Therefore, relief under *Johnson* is unavailable to Defendant.

## BACKGROUND

On November 14, 2008, a federal grand jury indicted Defendant, charging him with two counts of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 942(a)(2), and 924(e). (Doc. No. 3 in Case No. 08-CR-78-JHP). After trial, the jury acquitted Defendant of Count One and convicted him of Count Two. (Doc. No. 90 in Case No. 08-CR-78).

In advance of sentencing, the United States Probation Office prepared a Pre-Sentence Investigation Report ("PSI"), in which Defendant was assigned an offense level of 24 based on having committed the § 922(g)(1) offense after sustaining two felony convictions for either a

1

crime of violence or a controlled substance offense. (PSR ¶ 16). Defendant's predicate felony convictions are Murder, Second Degree, and Manufacturing Controlled Dangerous Substance. (*Id.*). The Probation Office determined Defendant had a Category III criminal history. (*Id.* ¶ 32). Based on his offense level of 24 and a criminal history of Category III, his advisory imprisonment range was 63-78 months. (*Id.* ¶ 51).

However, Defendant was determined to be an Armed Career Criminal, based on the nature and degree of Defendant's criminal history. (PSR ¶ 24). His predicate Armed Career Criminal convictions were (1) Burglary, Second Degree, (2) Murder, Second Degree, and (3) Manufacturing a Controlled Dangerous Substance. (*Id.*). As an Armed Career Criminal, Defendant's offense level was 33 and he faced a fifteen-year mandatory minimum sentence. (*Id.* ¶ 50). The Armed Career Criminal determination also enhanced Defendant's offense level and criminal history category for purposes of establishing the advisory imprisonment range: Defendant's offense level was raised to 33 (*id.* ¶ 25) and his criminal history category was raised to Category IV (*id.* ¶ 32), which resulted in an advisory imprisonment range of 188-235 months.

At sentencing, the Court found Defendant to be an Armed Career Criminal but departed downward from the enhanced recommended imprisonment range and the mandatory minimum sentence. The Court sentenced Defendant to imprisonment for 165 months on Count Two of the Indictment. (Doc. No. 123 in Case No. 08-CR-78). Within one year of his sentence becoming final, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction. (Doc. No. 1 in Case No. 12-CV-286-JHP). Defendant amended his motion twice upon the Court's grant of permission. (Doc. Nos. 4, 6 in Case No. 12-CV-286-JHP). On October 2, 2013, the Court denied Defendant's § 2255 motion in its entirety. (Doc. No. 9 in Case No. 12-CV-286-JHP). On appeal, the Tenth Circuit Court of Appeals dismissed

Defendant's appeal of the order denying Defendant relief under §2255. (Doc. No. 24 in Case No. 12-CV-286-JHP).

## DISCUSSION

The United States urges the Court to deny Defendant's request for appointment of counsel. A prisoner has no constitutional right to counsel when mounting a collateral attack upon his conviction or sentence. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, the Court has discretion to appoint counsel for a prisoner during a 28 U.S.C. § 2255 proceeding when the prisoner is "financially eligible" and the Court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Here, the Court finds the interests of justice would not be advanced by appointing counsel to Defendant for purposes of this Petition, because Defendant is clearly not entitled to relief under *Johnson*.

A defendant who violates 18 U.S.C. § 922(g) and qualifies for the Armed Career Criminal Act ("ACCA") enhancement is subject to a mandatory minimum sentence of fifteen years of imprisonment. 18 U.S.C. § 924(e)(1). The enhancement applies when the defendant has three prior convictions by any court for a "violent felony" or a "serious drug offense," or both, "committed on occasions different from one another." *Id.* The statute provides three clauses defining the types of crimes that qualify as a "violent felony":

(i) "has an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements clause");

(ii) "is burglary, arson, or extortion, involves use of explosives"; (the "enumerated offenses clause"); or

(iii) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause").

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the United States Supreme Court held the enhanced sentence could not be imposed pursuant to the ACCA's "residual clause," which defines a violent felony to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. at 2563. The Supreme Court found this clause violated the Due Process Clause of the Fifth Amendment to the United States Constitution, because it was impermissibly vague on its face. *Id.* at 2557. While the Court concluded the residual clause was void in its entirety, the Court explicitly noted that application of the first two "violent felony" clauses of the ACCA remained intact. *Id.* at 2563. The Supreme Court has since clarified that its decision under *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

Here, despite *Johnson*'s retroactivity, Defendant is not entitled to relief under *Johnson* because none of his predicate offenses fall into the residual clause. Defendant was found to be an Armed Career Criminal based on his prior convictions for (1) Burglary, Second Degree, (2) Murder, Second Degree, and (3) Manufacturing a Controlled Dangerous Substance. (PSR ¶ 24). The burglary conviction falls into the enumerated offenses clause of the violent felony definition and, as determined in Defendant's previous § 2255 proceeding, meets the generic definition of burglary for purposes of the ACCA's "violent felony" enhancement. (*See* Doc. No. 9 in Case No. 12-CV-286-JHP, at 10). The murder conviction falls into the elements clause of the violent felony definition, because it "has an element the use, attempted use, or threatened use of physical force against the person of another." Finally, the manufacturing conviction is a "serious drug offense," which is unaffected by *Johnson*'s holding. *See* 18 U.S.C. § 924(e)(2)(A).

## CONCLUSION

For the foregoing reasons, Defendant's "Actual and Constructive Legal Petition" (Doc. No. 27) is **DENIED**. Defendant's request for appointment of counsel is also **DENIED**.

**IT SO ORDERED** this 28th day of November, 2016.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma